UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HENRY ROSS

    Plaintiff,

v.                                          CASE NO: 8:11-CV-2671-T-30EAJ

CITY OF TARPON SPRINGS, FLORIDA
and JOSEPH DIPASQUA, in his capacity as
Development Services Director,

    Defendants.
_____/

# ORDER

THIS CAUSE comes before the Court upon Defendant Joseph DiPasqua's motion to dismiss or, in the alternative, motion for summary judgment (Dkt. 21) regarding Plaintiff Henry Ross's First Amended Complaint (Dkt. 18). The Court, having reviewed the motion, response (Dkt. 29), and being otherwise advised in the premises, concludes that Defendant DiPasqua's motion should be denied. Nonetheless, the court will *sua sponte* dismiss Plaintiff's section 1983 claim against Defendant DiPasqua in his official capacity because the court finds it redundant with Plaintiff's same section 1983 claim against Defendant City of Tarpon Springs.

## BACKGROUND

For the purpose of deciding this motion, the court accepts as true the factual allegations in Plaintiff's amended complaint. *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir.

2003). The Court agrees with the defendant that the amended complaint is not a model of clarity. It appears that Plaintiff Ross alleges the City of Tarpon Springs and Joseph DiPasqua, acting as the City's Development Services Director, impermissibly interfered with a contract for sale of a certain waterfront property on which a stilt home was contemplated to be built. Ross wanted to place fill dirt on the property at issue, since that was crucial to constructing the stilt home. A buyer agreed to pay Ross $495,000.00 for the property, with the understanding that Ross would obtain the city's permission to place fill dirt on the property. The buyer hired Brandon Construction to build the stilt home on the property.

Certain Federal Emergency Management Agency (FEMA) rules and Tarpon Springs city ordinances governed the placement of fill dirt on the property. A dispute arose between Ross and DiPasqua over whether fill dirt was allowed on the property. DiPasqua told Ross that "he was wasting his time" and that "the City would not issue a development permit, a building permit, a variance or any other type of right or privilege, as no fill dirt would be allowed." (Dkt. 18 ¶ 6). Ross states that his appeals to higher-level city authorities, including to the mayor, were denied. Because Ross was unable to obtain the City's permission to place fill dirt on the property, which rendered the property unsuitable for building a home, Ross sold the property to another buyer for the price of $208,764.53.

Ross believes that the City's denial of his fill dirt request was in retaliation to Ross's previous actions against the City. In the past, Ross filed various petitions, administrative and court actions against the City to contest certain actions by the City that Ross considered detrimental to the environment of Tarpon Springs. Ross's actions resulted in DiPasqua and

certain other city officials to all publicly state that those actions wasted the city's financial resources. Further, Ross mentions that the City granted other owners of nearby similar property, including a former Tarpon Springs City Commissioner, permission to place fill dirt for the same purpose that Ross sought from the City.

**The amended complaint**

Ross asserts two causes of action in his amended complaint:

(1) Count one for a violation of 42 U.S.C. § 1983, concerning retaliation in violation of the First Amendment, and

(2) Count two for interference with a business relationship.[1]

DiPasqua moves to first dismiss Ross's amended complaint. Alternatively, DiPasqua moves for summary judgment. DiPasqua believes Ross asserts a claim against him in his individual capacity and, accordingly, DisPasqua raises qualified immunity as a defense.

## DISCUSSION

Ross does not explicitly name in his amended complaint DiPasqua as a defendant in his individual or official capacity (or both). "When it is not clear in which capacity the defendants are sued, the course of proceedings typically indicates the nature of the liability sought to be imposed." *Young Apartments, Inc. v. Town of Jupiter, FL*, 529 F.3d 1027, 1047 (11th Cir. 2008) (quoting *Jackson v. Georgia Dep't of Trans.*, 16 F.3d 1573, 1575 (11th Cir. 1994)). In looking at the course of proceedings, courts consider such factors as the nature of

---

[1] Ross voluntarily dismissed this claim on April 18, 2012 (Dkt. 31).

plaintiff's claims, requests for compensatory or punitive damages, and the nature of any defenses raised in response to the complaint, particularly claims of qualified immunity which would indicate that the defendant had actual knowledge of the potential for individual liability. *Id.*

In a § 1983 action, punitive damages are only available from government officials when they are sued in their individual capacities. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 267 (1981). Thus, a plaintiff seeking punitive damages against government officials suggests an intent to sue the officials in their individual capacities. In his amended complaint, Ross does not expressly seek punitive damages against DiPasqua. However, Ross demands, without specifying from which defendant, "[a]ll remedies allowed by Federal Statute 42 USC § 1983 and the First and Fourteenth Amendments" and "[a]ny other special damages allowable at law." It is possible, although not certain, that Ross is seeking punitive damages against DiPasqua. Accordingly, this factor provides no insight into determining whether Ross is suing DiPasqua in his official or individual capacity.

The court will next look to the amended complaint's language. In *Young Apartments*, the court determined that allegations such as that the individual defendant was "personally motivated" against the plaintiff and that a "similarly situated reasonable government official" would know that the complained-of actions were wrong were intended to place the individual defendants on notice of their personal liability. *Young Apartments*, 529 F.3d at 1047–48. Here, Ross alleges that it was only the City of Tarpon Springs that "denied any and all

developmental rights" Ross had concerning the property "in retaliation for his past activities." (*Id.* at ¶ 45).

Ross also alleges in rambling fashion that "the deprivation of his rights occurred by the execution or implementation of the City's local government policy or custom adopted or established by the local governmental bodies or officials of [sic] retaliation whose acts may fairly be said to represent official city policy, and this Tarpon Springs official policy custom and usage was the moving force behind the unconstitutional violation of his right." (*Id.* at ¶ 23). The rest of Ross's allegations appear to imply that Ross is seeking a claim against the City, and that DiPasqua was merely the conduit through which the City retaliated against Ross. Finally, the amended complaint lacks any specific allegation similar to those in *Young Apartments* that would put DiPasqua on notice of his personal liability.

Despite the allegations in the amended complaint, DiPasqua believes that Ross asserts a claim against him in his individual capacity. DiPasqua devotes the majority of his motion to raise a qualified immunity defense from personal liability. In *Tapley v. Collins*, 211 F.3d 1210, 1211 n.2 (11th Cir. 2000), the court treated the suit as against defendants in their individual capacities where the complaint was silent but the parties briefed the issue of qualified immunity. However, Ross's response in opposition to DiPasqua's motion to dismiss states that "[i]n pleading a § 1983 action against a municipality or a municipal officer in his official capacity, *as we did here as to Mr. DiPasqua*, a plaintiff need only comply with the Federal Rules of Civil Procedure's regime of notice pleading." (Dkt 29 pg. 6) (emphasis added). Thus, rather than brief the court on the issue of qualified immunity, which notably

Ross never touched upon in his reply, Ross expressed an intent to name DiPasqua only in his official capacity.

It is well-settled that qualified immunity only protects public officials from lawsuits brought against them in their individual capacity. *Harrell v. Decatur County*, 22 F.3d 1570, 1576 (11th Cir. 1994); *see also Lassiter v. Alabama A & M Univ.*, 28 F.3d 1146, 1149 n.2 (11th Cir. 1994). Thus, DiPasqua cannot rely on qualified immunity to dismiss the claims against him in his official capacity.

However, DiPasqua's reliance on qualified immunity is unnecessary because the court can dismiss the section 1983 claim against him as redundant with the claim against the City. "[W]hen an officer is sued under Section 1983 in his or her official capacity, the suit is simply another way of pleading an action against an entity of which an officer is an agent." *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)) (internal quotation marks omitted). Such suits against municipal officers are actually suits directly against the city that the officer represents. *Id.*

Keeping DiPasqua as a defendant in his official capacity in Ross's suit against the City of Tarpon Springs would be "redundant and possibly confusing to the jury." *Busby*, 931 F.2d at 776. The court, therefore, will dismiss the section 1983 first amendment retaliation claim against DiPasqua in his official capacity with prejudice. *See Cannon v. City of Sarasota*, 2010 WL 962934 at *3 (M.D.Fla. 2010) (Covington, J.); *Rodriguez v. City of Clermont*, 2009 WL 395737 at *4–5 (M.D.Fla. 2009) (Hodges, J.); *Pete's Towing Co. v. City of Tampa*, 2008 WL 4791821 at *11 (M.D.Fla. 2008) (Merryday, J.).

The court's decision to dismiss the section 1983 claim against DiPasqua in his official capacity renders as moot DiPasqua's alternative motion for summary judgment.

## CONCLUSION

For the reasons discussed, it is hereby **ORDERED** and **ADJUDGED** as follows:

1. The Motion to Dismiss or, in the alternative, Motion for Summary Judgment (Dkt. 21) is **DENIED**.

2. The section 1983 claim against Defendant DiPasqua in his official capacity is **DISMISSED** with prejudice.

**DONE** and **ORDERED** in Tampa, Florida on April 20, 2012.

/s/ James S. Moody, Jr.
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies Furnished To**:
Counsel/Parties of Record

*S:\Odd\2011\11-cv-2671.mtd 21.wpd*